1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    NORMAN DIXON,                              1:17-cv-00562 AWI-GSA (PC)

12              Plaintiff,

13       v.                                      ORDER DENYING MOTION FOR
                                                 APPOINTMENT OF COUNSEL
14    RON BARNES, et al.,
                                                 (Document# 10)
15              Defendants.

16

17          On May 26, 2017, plaintiff filed a motion seeking the appointment of counsel.  Plaintiff

18    does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113

19    F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff

20    pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern</u>

21    <u>District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain

22    exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

23    section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

24          Without a reasonable method of securing and compensating counsel, the court will seek

25    volunteer counsel only in the most serious and exceptional cases.  In determining whether

26    "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

27    the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28    complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

                                                    1

In the present case, the court does not find the required exceptional circumstances.  At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits.  Plaintiff filed the complaint on April 21, 2017, and the complaint awaits the court's screening required under 28 U.S.C. 1915.  Thus, to date the court has not found any cognizable claims in Plaintiff's complaint for which to initiate service of process, and no other parties have yet appeared.  Moreover, based on a review of the record in this case, the court finds that Plaintiff can adequately articulate his claims.  Therefore, Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **June 1, 2017**            **/s/ Gary S. Austin**
                             UNITED STATES MAGISTRATE JUDGE