UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN DIXON, | No. 2:18-cv-1713-MCE-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BARNES, et al., | |
| Defendants. | |

Background

Plaintiff is a California Department of Corrections and Rehabilitation ("CDCR") inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court previously determined that plaintiff's amended complaint (ECF No. 14) alleged potentially cognizable excessive force claims against defendants Flores and Hook. ECF No. 18. In so doing, the court recognized that these claims – which relate to an incident occurring in April of 2012 – were potentially barred by the statute of limitations. *Id.* at 2-3. The court declined to dismiss the action on this basis, however, insofar as a defense based on the statute of limitations was not complete and obvious from the pleadings. *Id.* at 3. It noted that its determination on screening was not the final word on the issue and that defendants were free to raise a statute of limitations defense if they deemed it appropriate. *Id.*

/////

Defendants Flores and Hook have since moved to dismiss raising two arguments: (1) that plaintiff's claims are time-barred; and (2) that he failed to exhaust administrative remedies before filing this suit. ECF No. 25. Plaintiff has filed an opposition. ECF No. 27.

For the reasons discussed below, plaintiff's claims are barred by the statute of limitations and must be dismissed.

Legal Standards

A.  <u>Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)</u>

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual

allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

B. <u>Statute of Limitations</u>

The applicable statute of limitations starts to run when a plaintiff knows or has reason to know of the injury that is the basis of his action — typically the date on which the injury actually occurs. *See Ward v. Westinghouse Can.*, 32 F.3d 1405, 1407 (9th Cir. Cal. 1994); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). Actions arising under section 1983 look to the forum state's statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In California the statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. The California Code of Civil Procedure provides that this limitation period is subject to two-year tolling for prisoners who are serving less than a life sentence. Cal. Civ. Proc. Code § 352.1(a). And California courts have read out the "less than life" limitation. *See Jones v. Blanas*, 393 F.3d 918, 928 n.5 (9th Cir. 2004).

<u>Analysis</u>

As an initial matter, both defendants and plaintiff request that the court take judicial notice of state court records. ECF No. 26 & ECF No. 27 at 7. It is well-settled that federal courts may do so. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012). Thus, the court will take judicial notice of the state court records submitted in conjunction with the pleadings.

The use of force incident underlying the immediate claims occurred on April 26, 2012 – approximately five years before the instant complaint was filed in this court. ECF No. 14 at 3-4, 10. Defendants point out that plaintiff initially attempted to litigate his claims against them in the Sacramento County Superior Court. *See* ECF No. 26 at 6-9, 13. The state complaint was filed on November 19, 2012 and dismissed without prejudice on November 18, 2014 for failure to prosecute. ECF No. 26 at 8-9; ECF No. 27 at 68. Defendants state – and the records appear to corroborate – that they were not served in connection with the state case. ECF No. 26 at 6-9.

As noted *supra*, California law – which speaks to the applicable statute of limitations – effectively provides inmates serving a term less than life with four years to file a personal-injury

claim. Plaintiff clearly had reason to know of his injuries on the date they were inflicted and, thus, absent other tolling, his claims expired four years after the use of force - on April 26, 2016. This action was filed well after that date, on April 21, 2017. ECF No. 1. The pertinent question, then, is whether plaintiff is entitled to any additional tolling.

A. <u>Superior Court Case</u>

The superior court's dismissal of his state action without prejudice for failure to prosecute precludes any tolling in connection with plaintiff's state case. "[I]f [a] suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). This rule applies in California. *See Wood v. Elling Corp.*, 20 Cal. 3d 353 (Cal. 1977) ("[A] party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed . . . ."); *see also Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328 (Cal. Ct. App. 1994) (statute of limitations was not equitably tolled because plaintiff did not diligently pursue claims).

In his opposition, plaintiff appears to argue that the superior court was wrong to dismiss his case for failure to prosecute. ECF No. 27 at 8-11. But this argument is unpersuasive for two reasons. First, plaintiff's assertions as to why the superior court erred are difficult to follow and do little to establish clear error. Second and more fundamentally, a dismissal for failure to prosecute stems – at least in part – from a court's need to manage its own docket and effectively utilize judicial resources. Thus, this court is not in a position to second-guess another court's determination (particularly a state court where any appeal must be presented to a state court of appeals) that a claimant did not litigate diligently.

B. <u>Government Claims Board Submission</u>

Nor is petitioner entitled to any tolling related to his submission of a Government Claims Board claim. As noted by defendants, the claim in question was rejected by the board as incomplete and untimely. ECF No. 14 at 37-38. The U.S. Court of Appeals for the Ninth Circuit

has previously upheld rejection of equitable tolling for state board claims deemed so deficient. *See Beaudoin v. Schlachter*, 672 F. App'x 706, 707 (9th Cir. 2016) ("The district court properly found that [claimant] was not entitled to equitable tolling for the period that he pursued his related tort claim under the California Tort Claims Act ('CTCA') because that claim was untimely.") (unpublished).

### C. Exhaustion of Administrative Remedies

Finally, even assuming that tolling applies for the time spent exhausting prison administrative remedies, plaintiff's claims would still be time-barred. Plaintiff pursued his administrative remedies from May 3, 2012 (date grievance was submitted) to September 18, 2012 (grievance rejected for bypassing lower levels of review). ECF No. 14 at 8, 10, & 16. Allowing for an additional four and a half months of tolling would not render plaintiff's claims timely. As noted *supra*, the gap between when the statute of limitations expired and when this action was filed is nearly a year – April 26, 2016 to April 21, 2017.

### Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 25) be GRANTED and plaintiff's claims be DISMISSED with prejudice as time-barred.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE